UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )
v.                             )      Civil Case No. 4:23-CV-09
                               )
$115,800.00 IN U.S. CURRENCY   )
FUNDS SEIZED FROM SOUTH        )
GEORGIA BANK ACCOUNT           )
ENDING IN 0378, ET AL.         )
                               )
        Defendant.             )

## ORDER

Presently before the Court is the Government's Motion for Default Judgment and Decree of Forfeiture and Order for Delivery. Doc. 10. For the following reasons, this motion is **GRANTED**.

## BACKGROUND

On January 6, 2023, the Government filed a Verified Complaint for forfeiture *In Rem* against certain property, defined as:

   a. $115,800.00 in U.S. Currency Funds from South Georgia Bank Account ending in 0378;

   b. $21,263.24 in U.S. Currency Funds from First Citizens Bank and Trust Account ending in 2757;

   c. $6,715.85 in U.S. Currency Fuds from First Citizens Bank and Trust Account ending in 2888;

   d. $3,168.33 in U.S. Currency Funds from First Citizens Bank and Trust Account ending in 2837;

   e. $578.84 in U.S. Currency Funds from First Citizens Bank and Trust Account ending in 2896; and

      f.   $2,665.53 in U.S. Currency Funds from South Georgia Bank Account ending in 0360

(hereinafter, collectively the "Defendant Property"). Doc. 1. The Verified Complaint alleges that the Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C) on the grounds that the Defendant Property is proceeds traceable to and/or derived from theft and unlawful conversion of government property and conspiracy in violation of 18 U.S.C. §§ 641 and 371, respectively, and wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349, respectively; and property involved in money laundering and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956 and 1957. Doc. 1 at 1-2. The Verified Complaint, and the instant motion, provided the factual basis showing the Defendant Property is forfeitable to the United States. Docs. 1 at 3-21, 10 at 3-21.

On or before March 28, 2023, the Government served the Verified Complaint for forfeiture *in rem* on all known potential claimants. Docs. 7, 7-1 at 2. Additionally, the Government published the notice of forfeiture on its official website (www.forfeiture.gov) for thirty consecutive days beginning on January 14, 2023. Doc. 5. To date, no person has filed an answer to the Verified Complaint or a claim to the Defendant Property in this action.

On May 23, 2023, the Government moved the Clerk of Court to enter default and supported its motion with an affidavit. Docs. 8, 8-1. On May 23, 2023, the Clerk entered

default. Doc. 9. The Government now moves the Court to enter a default judgment and final order for delivery against the Defendant Property and any potential claimants.

## DISCUSSION

Federal Rule of Civil Procedure 55 provides for default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P.55(a). As this Court has explained, "[o]btaining a default judgment is a two-step process." United States v. Eleven Firearms, No. CV 614-100, 2015 U.S. Dist. LEXIS 93375, at *2-3 (S.D. Ga. July 17, 2015) (citation and internal quotation marks omitted). First, "the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default, the plaintiff can seek a default judgment." Id.

Upon a showing by the United States that an entry of default was permissible, the Clerk of Court entered default on May 23, 2023, thereby completing step one as required by FED. R. CIV. P. 55(a). Through its motion, the United States seeks a Default Judgment and Decree of Forfeiture and Order for Delivery, in accordance with Rule 55(b)(2).

The United States has fully complied with Supplemental Rule G of the Supplemental Rules for Admiralty and Maritime Claims, as required. See Eleven Firearms, 2015 U.S. Dist. LEXIS 93375, at *3-6. The Complaint was verified, established the grounds for subject-matter jurisdiction and venue, described the property with reasonable particularity, stated the location of the property at seizure and filing, described the statutory authority for forfeiture, and established the factual

basis for forfeiture. Id. (citing Supplemental Rule G(2)).  Further, the United States has met its notice requirements, through both personal service and publication.  Id. (citing Supplemental Rule G(4)); See Docs. 5, 7.

Neither a claim nor an answer has been filed within the time period for filing, warranting the entry of a default judgment in this case.

## CONCLUSION

For the reasons stated above, the Government's Motion for Default Judgment and Decree of Forfeiture and Order for Delivery (Doc. 8) is hereby **GRANTED.**

All rights, title, and interest in the Defendant Property is hereby forfeited to and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff, **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Savannah, Georgia, this _5th_ day of _Sept._, 2023.

_____
WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4